Dear Mayor Baden:
We are in receipt of your request for an Attorney General's opinion regarding state laws on the territorial jurisdiction of the City Court of Pineville. Specifically, you have stated that where the city has overlapping jurisdiction in the city court civil and criminal enforcement [by the city marshal doing service outside the city limits, where constables and justices of the peace have jurisdiction in Wards 10 and 11 outside of Pineville city limits], that this legislative action violates the intent of the Constitution by adding extra financial burdens on the local political subdivision.
You rely on the 1974 Louisiana Constitution, Art. VI, § 2, which provides:
 Section 2. The legislature shall provide by general law for the incorporation, consolidation, merger, and government of municipalities. No local or special law shall create a municipal corporation or amend, modify, or repeal a municipal charter. However, a special legislative charter existing on the effective date of this constitution may be amended, modified, or repealed by local or special law.
The City of Pineville is a Lawrason Act municipality, governed in accordance with LSA-R.S. 33:321 et seq. As the city is not governed by a special legislative charter, nor a home rule charter, the constitution clearly authorizes the legislature to provide by general law for the government of the City of Pineville.
LSA-R.S. 13:1951 provides for the establishment and territorial jurisdiction of particular city courts, as follows:
 Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section, are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time.
This statute was enacted by Louisiana Acts 1960, No. 32, and therefore, predates the Voting Rights Act of 1965, i.e., it is not subject to Section 5 review. With specific regard to the Pineville City Court, LSA-R.S. 13:1951.1, added by Louisiana Acts 1991, No. 16 provides for additional jurisdiction of the court, as follows:
 In addition to all other jurisdiction now vested in the Pineville City Court, said court shall have territorial jurisdiction over juvenile and civil matters of Ward Eleven of Rapides Parish.
We have opined that these statutes [LSA-R.S. 13:1951 and 1951.1] work in conjunction to provide that Pineville shall have a city court judge whose jurisdiction extends throughout the wards of the city in which the court is domiciled and, as legislatively extended, throughout Ward Eleven of Rapides Parish. See, Attorney General Opinion No. 96-52.
LSA-Const. Art. V, § 15(A) provides:
 Section 15.(A) Court Retention; Trial Courts of Limited Jurisdiction.
 The district, family, juvenile, parish, city, and magistrate courts existing on the effective date of this constitution are retained. Subject to the limitations in Section 16 and 21 of this Article, the legislature by law may abolish or merge trial courts of limited or specialized jurisdiction. The legislature by law may establish trial courts of limited jurisdiction with parishwide territorial jurisdiction and subject matter jurisdiction which shall be uniform throughout the state. The office of city marshal is continued until the city court he serves is abolished.
The constitution was precleared on November 26, 1974. All laws are presumed to be constitutional. Polk v. Edwards,626 So.2d 1128, 1132 (La. 1993). In Polk, the court recognized that the power of the Legislature is plenary, and must be clearly limited by the state constitution in order for one of its enactments to be held unconstitutional. Although the above constitutional article authorizes the legislature to merge and abolish city courts, it does not specifically prohibit the legislature from increasing a city court's territorial jurisdiction. Therefore, LSA-R.S. 13:1951 and 1951.1 are presumed to be constitutional and any question of the constitutionality of these laws can only be resolved by our judicial branch of government.
Your letter further states that you believe that Section 5 approval under the Voting Rights Act has never been received regarding the extension of voting rights into Wards 10 and 11. In Attorney General Opinion No. 79-824, our office acknowledged that Ward 10 was annexed into the municipality, and therefore the jurisdiction of the City Court of Pineville was extended into Ward 10 of Rapides Parish. We do not have any information as to whether the city submitted this annexation to the United States Department of Justice for review under Section 5 of the Voting Rights Act. We reviewed our files for preclearance information on Act 16 of 1991, and were unable to locate same.
It is our opinion that it would be in the best interest of the City and Court for a submission to be made to the United States Department of Justice, seeking approval. Our office, on behalf of the state, can proceed to make a submission of Act 16 of 1991; however, we believe that one submission should be made which encompasses any and all voting changes to the court. Being that the city has all the historical information on annexations and all demographic information, it may be in the best interest of the city to proceed with a Section 5 submission, and our office can certainly assist in this matter.
Therefore, if upon review of the city's records, it is evident that the annexation of Ward 10 has not received Section 5 approval, please advise us of same and we will proceed forward in assisting the city in making the submissions.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL:cwr
Date Received: August 11, 1997 Date Released:
ANGIE ROGERS LaPLACE Assistant Attorney General